# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-13-00483-CV
---

**J. R., Appellant**

**v.**

**The Texas Department of Family and Protective Services, Appellee**

---
### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
### NO. C-12-0056-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellant J.R. appeals from the district court's order terminating her parental rights to her two daughters, K.A.A. and A.L.A., who were ten and seven years old, respectively, at the time of the termination hearing. J.R.'s court-appointed counsel has filed a motion to withdraw and an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646-47. J.R. was provided with a copy of counsel's brief and advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

In its termination decree, the district court found by clear and convincing evidence that termination of J.R.'s parental rights was in the best interest of the child and that J.R. had: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings

which endanger the physical or emotional well-being of the children; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; (3) constructively abandoned the children; and (4) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children. *See* Tex. Fam. Code § 161.001(1)(D), (E), (N), (O), (2).

The above findings were made following a trial before the bench. J.R. did not personally appear at trial but was represented by counsel. The sole witness to testify was Melissa Cano, the Child Protective Services (CPS) caseworker assigned to the case. Cano testified that the Texas Department of Family and Protective Services (the Department) had received a report that J.R., who had earlier been diagnosed with catatonic schizophrenia, was not taking medication to treat her illness and was not providing appropriate care for her children. According to Cano, the home in which J.R. and her children were living "was falling apart," had no running water or electricity, contained insufficient food to feed the children, was infested with insects and mice, and had maggots growing inside the refrigerator. In the opinion of the Department, the home was not habitable for young children. The children were subsequently removed from the home and placed in the care of the children's paternal grandmother.

Cano further testified that the Department had prepared a service plan so that J.R. might obtain reunification with her children. The plan included requirements that J.R. undergo a substance-abuse assessment and a psychological, psycho-social evaluation. According to Cano, J.R. did not complete these requirements. Cano also explained that J.R. had attended some counseling sessions as required but had made "no improvement" during those sessions and eventually stopped attending them. J.R. also eventually stopped visiting her children and contacting the Department.

As a result of the lack of communication from J.R., Cano did not know where J.R. was currently living, whether she was working, or whether she had the present ability to support her children.

Regarding the best interest of the children, Cano testified that the children remained placed with their parental grandmother and that the children are "doing great in the home." Cano added, "They're comfortable there. They're happy there." Cano also testified that the grandmother wanted to adopt the children, that adoption would provide the children with benefits and subsidies from the State, including Medicaid, and that termination of J.R.'s parental rights and adoption by the grandmother was in the best interest of the children. Cano acknowledged that the children missed their mother and "still want[ed] to see their mom." However, Cano also testified that even if J.R.'s parental rights were terminated, the grandmother could still arrange and supervise visitation between J.R. and the children. At the conclusion of trial, the attorney ad litem for the children and the Court Appointed Special Advocate for the children also agreed that termination of J.R.'s parental rights was in the best interest of the children.

Having reviewed the record and counsel's brief, we agree that the appeal is frivolous. We find nothing in the record that might arguably support the appeal. *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47. We affirm the district court's order of termination and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   November 27, 2013